Justin D. Rodriguez (#024765)
ATKINSON, BAKER & RODRIGUEZ, P.C.
201 Third Street NW, Suite 1850
Albuquerque, New Mexico  87102
505-764-8111 | Fax 505-764-8374
jrodriguez@abrfirm.com
*Attorneys for TitleMax of Arizona, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.L., a minor, by and through his parent and legal guardian Paul Lewis,<br><br>Plaintiff,<br><br>.<br><br>TitleMax of Arizona, Inc., John Does I-X, and P.R.S. of AZ, LLC,<br><br>Defendants. | Case No. 2:21-CV-00560-CDB<br><br>**FED.R.CIV.P 12(B)(1) MOTION TO DISMISS FIRST AMENDED COMPLAINT [DOC. 13] FOR LACK OF SUBJECT MATTER JURISDICTION AND SUPPORTING MEMORANDUM BRIEF[1]** |

**I.   INTRODUCTION**

Plaintiff's First Amended Complaint [Doc. 13] ("FAC"), like Plaintiff's original FAC [Doc. 1], asserts a purported claim against defendant P.R.S. of AZ, LLC ("PRS") (Count I) and Does I-X (Count II) for violation of Section 1692f(6)(A) of the Fair Debt Collection Practices Act (FDCPA) [Doc. 14-1], for allegedly taking possession of Plaintiff's vehicle when they had no legal right to do so.  The FAC accurately pleads that

---

[1] This Motion seeks dismissal under Fed.R.Civ.P 12(b)(1).  The claimed defect in subject matter jurisdiction is not curable by amendment.  Consequently, LRCiv 12.1(c) does not apply to this Motion.

the vehicle at issue ("Chevy") was owned outright by Plaintiff, was not subject to any lien, and therefore Plaintiff was not a debtor and the Chevy was not collateral and was not subject to any "enforceable" security interest against Plaintiff. FAC at ¶¶ 34, 35, 37 and 48.

Plaintiff has brought a claim against TitleMax of Arizona, Inc. ("TitleMax") (Count III) for alleged violation of A.R.S. § 47-9609(B)(2) by repossessing Plaintiff's vehicle when there was no enforceable lien on the vehicle and when Plaintiff owned it outright. Plaintiff does not allege any breach of the peace during the repossession.

The FAC must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction because Counts I and II fail to establish this Court's federal question jurisdiction.

## II.     LEGAL STANDARD

### A.     Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 and § 1692f(6)(A)

The elements of a claim under the FDCPA are: "(1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant collecting the 'debt' is a 'debt collector' as defined in the Act, and (3) the defendant has engaged in any act or omission in violation of the prohibitions of the act." *Yrok Gee Au Chan v. N. Am. Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353, 2006 WL 778642, at *3 (N.D. Cal. Mar. 24, 2006).

Counts I and II of the FAC specifically assert violations of § 1692f(6)(A) which provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
(A) there is no present right to possession of the property *claimed as collateral* through an *enforceable security interest*...

**B.     Uniform Commercial Code: A.R.S. § 47-9609(B)(2)**

Count III of the FAC is brought pursuant to A.R.S. § 47-9609(B)(2) which provides:

**A.** After default, a secured party:
1. May take possession of the collateral; and
2. Without removal, may render equipment unusable and dispose of collateral on a debtor's premises under § 47-9610.
**B.** A secured party may proceed under subsection A of this section:
1. Pursuant to judicial process; or
2. Without judicial process, if it proceeds without breach of the peace.

A party may bring a suit for damages for violation of § 47-9609 if the party "was a debtor, was an obligor or held a security interest in or other lien on the collateral...." A.R.S. § 47-9625.

**C.     Motion to Dismiss for Failure to State a Claim (Fed.R.Civ.P. 12(b)(6))**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in a FAC are accepted as true and the pleadings are construed in favor of the nonmovant. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). However, conclusory allegations will not survive a motion to dismiss, *Luca v. Scalzo*, 892 F.2d 83 (9th Cir. 1989), and they are not entitled to a "presumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## III.     FACTS ACCEPTED AS TRUE FOR PURPOSES OF THIS MOTION

The FAC [Doc. 13] makes the following factual allegations which are accepted as true for purposes of this Motion only:

1.     Paul Lewis ("Lewis") purchased a 2004 Chevy Colorado (the "Vehicle") in October 2019; in August 2020 he transferred title to the Chevy to his minor son A.L. (Plaintiff). [Doc. 13], ¶¶ 36, 38.

2.     There were no enforceable liens on the Vehicle, and neither Plaintiff nor his parents ever obtained a title loan using the Vehicle as collateral. [Doc.13], ¶¶ 34, 35, 40, 41 and 48.

3.     TitleMax hired Does I-X to repossess the Vehicle; Does I-X hired PRS to repossess the Vehicle, and on September 5, 2020, PRS took possession of the Chevy. [Doc.13], ¶¶ 43, 44, 45, and 48.

4.     The Vehicle was returned to Plaintiff after four days. [Doc. 13], ¶ 47.

The allegations in Paragraphs 30 through 50 of the FAC make it facially clear that the Vehicle was not collateral with regard to the Plaintiff; none of the Defendants were creditors of Plaintiff or had an "enforceable" secured interest in the Vehicle; Plaintiff was not a debtor of Defendants; none of the Defendants were attempting to collect a debt owed by Plaintiff (although the FAC alleges conclusorily that Defendants were debt collectors, the FAC nowhere alleges that any of the Defendants was attempting to collect a debt at the relevant times); and there was no allegation of any breach of the peace.

Other allegations in the FAC are not entitled to any presumption of truth, *Moss, supra*:

a. FAC, ¶ 22 ("Titlemax is a "secured party" as defined by A.R.S. § 44-9102(A)(72) [sic: 47-9102(A)(72).") Paragraph 22 is purely a legal conclusion, and the factual allegations of the FAC make it clear that the legal conclusion is inaccurate on its face. A.R.S. § 47-9102(A)(72) defines a "secured party" as:

> (a) A person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding;
> (b) A person that holds an agricultural lien;
> (c) A consignor;
> (d) A person to which accounts, chattel paper, payment intangibles or promissory notes have been sold;
> (e) A trustee, indenture trustee, agent, collateral agent or other representative in whose favor a security interest or agricultural lien is created or provided for; or
> (f) A person that holds a security interest arising under § 47-2401, 47-2505, 47-2711, 47-2A508, 47-4210 or 47-5118.

The FAC in fact affirmatively alleges the opposite, that there was no "enforceable" security interest in the Vehicle against Plaintiff. FAC ¶¶ 34, 35, 37 and 48. TitleMax therefore could not be a secured party with regard to Plaintiff.

b. FAC, ¶ 26 ("Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).") and FAC, ¶ 29 ("PRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6)."). Paragraphs 26 and 29 are legal conclusions, and they are inaccurate ones pursuant to the FAC's own factual allegations. 15 U.S.C. § 1692a(6) defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FAC pleads that Plaintiff did not owe any debt to either Does I-X or PRS (or to TitleMax). Further, auto repossessors are not considered

to be debt collectors under the FDCPA. *Jordan v. Kent Recovery Servs. Inc.*, 731 F. Supp. 652, 659-60 (D. Del. 1990) (finding that auto repossession is not the action of a debt collector and falls outside the protection of the FDCPA); *Brooks v. Leon's Quality Adjusters, Inc.*, 1:15-CV-000965-JLT, 2016 WL 4539967, at *11 (E.D. Cal. Aug. 30, 2016)(collecting cases and holding: "Because Defendants collected the *collateral* rather than the debt and are not debt collectors as applied to provisions other than Section 1692f(6)...Plaintiff is unable to succeed on claims for violations of the FDCPA under [other subsections].")

  c. FAC, Count I, ¶ 53 ("PRS violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Plaintiff's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.")  Paragraph 53 is purely a legal conclusion, and the FAC alleges that the Vehicle was not collateral and there was no enforceable security interest against Plaintiff.

  d. FAC, Count II, ¶ 56 ("PRS violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Plaintiff's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.") Paragraph 56 is a legal conclusion, and the FAC alleges that the Vehicle was not collateral and not subject to any enforceable security interest against Plaintiff.

  e. FAC, Count II, ¶ 61 ("Titlemax [sic] violated A.R.S. § 47-9609(B)(2) by illegally repossessing the Vehicle.") Paragraph 61 is purely a legal conclusion, and the

6

FAC establishes that the facts do not support a finding of any violation. A.R.S. § 47-9609(B)(2) provides that, "A secured party may proceed under subsection A of this section: 1. Pursuant to judicial process; or 2. Without judicial process, if it proceeds without breach of the peace."

Pursuant to the FAC's factual allegations none of the Defendants held enforceable security interests against Plaintiff, and there was no allegation of any breach of the peace. *See* Doc. 14-1 at P. 11, removing former paragraph 52. None of the legal conclusions are entitled to any consideration by this Court as being effective to rebut the present motion.

> [T]he tenet that a court must accept as true all of the allegations contained in a FAC is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...only a FAC that states a plausible claim for relief survives a motion to dismiss. Determining whether a FAC states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)(internal quotation marks and citation omitted).

## IV.     ARGUMENT AND AUTHORITIES

**A.     Plaintiff is not a Debtor, Defendants are not Secured Parties, Defendants have no Enforceable Security Interest in the Vehicle, and the Vehicle is not Collateral for any Debt: Plaintiff has no right of action under the FDCPA.**

The FAC on its face makes it clear that Plaintiff is not a debtor; that none of the Defendants are secured parties as against the Plaintiff; that none of the Defendants have an enforceable security interest against Plaintiff in the Vehicle; and that the Vehicle at the time of repossession was not collateral for any debt of anyone. *See Section III, supra.*

PRS and the Does, as repossessors, are not subject to any provision of the FDCPA except § 1692f(6). *Oya v. Wells Fargo Bank, N.A.*, 3:18-CV-01999-H-BGS, 2019 WL 4573704, at *7 (S.D. Cal. Sept. 19, 2019), *appeal dismissed,* 19-56152, 2019 WL 8329298 (9th Cir. Dec. 30, 2019)("[T]hose who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]."); *Thomas v. Gen. Motors Fin. Co., Inc.*, 5:19-CV-1418-DAE, 2020 WL 8771387, at *4 (W.D. Tex. Mar. 18, 2020), *reconsideration denied,* 5:19-CV-1418-DAE, 2020 WL 8771383 (W.D. Tex. Apr. 30, 2020)("[T]he Court finds that [the repossessor], by virtue of its role enforcing security interests, is subject only to the specific prohibitions contained in § 1692f(6), and not the subject of the main coverage of the FDCPA.")

Section 1692f(6)(A) is the provision of federal law that Counts I and II of the FAC are based upon.  However, that specific provision and the prefatory lead-in provision by their clear terms do not provide a cause of action to Plaintiff here:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
> (A) there is no present right to possession of the property *claimed as collateral* through an ***enforceable*** security interest...

*Id.* (emphasis added).  In this case there is no property at all that is *claimed as collateral* through an ***enforceable*** *security interest.* The FAC quite definitively takes pains to establish that the Vehicle at issue had no "enforceable" security interest in it against Plaintiff. *See* Doc.13 at ¶¶ 34, 35, 40, 41 and 48.  Further, the prefatory sentence above states that "A *debt collector* may not use unfair or unconscionable means to collect or

8

*attempt to collect any debt*" (emphasis added).  As the FAC concedes, there was no debt at issue and no allegation that there was an attempt to collect a debt against Plaintiff.

In *Larrañaga v. Mile High Collection & Recovery Bureau, Inc.,* 807 F. Supp. 111 (D.N.M. June 9, 1992), the Plaintiff sued the repossession agency for violation of § 1692f(6)(A) when the agency not only repossessed the correct vehicle but also repossessed the personal property inside the car which was not collateral and not subject to any security interest. The agency argued that the statutory provision is:

> solely concerned with "property claimed as collateral." Thus...[it] prohibits only the taking of any nonjudicial action to effect dispossession of collateral when there is no present right to possession of that collateral....the FDCPA does not prohibit the "incidental possession of property not claimed as collateral through an enforceable security interest." Since it is undisputed that ABQ claimed only Mr. Larrañaga's Ford LTD as collateral, the RTC argues that the FDCPA does not apply to the "incidental" taking of the personal property within the car at the time that it was repossessed.

*Larrañaga, supra* at 113 (citations omitted). The court agreed, holding that repossession of property **not** claimed as collateral was not subject to the statute:

> Compare the likely result were the statute to prohibit the dispossession of property when "there is no present right to possession of the property [ ] through an enforceable security interest." As is evident, the best interpretation of the statute as it is written is to interpret the words "claimed as collateral" as words of limitation.

*Id.* n. 3. *See also, Cagan v. Jordans Prop. Mgmt. Services, LLC*, 1:12-CV-0070-WSD, 2012 WL 13133670, at *3 (N.D. Ga. Jan. 31, 2012)(Where right of possession, rather than enforcement of a security interest, § 1692f(6)(A) does not apply; the FDCPA does not prohibit such conduct; and plaintiff has failed to state a valid claim.); *Gallagher v. Gurstel, Staloch & Chargo, P.A.*, 645 F. Supp. 2d 795, 801 (D. Minn. 2009)(No violation of § 1692f(A)(6) where defendant was alleged to have frozen funds to "which it was never

9

entitled, period;" citing *Larrañaga's* holding that there is no action under § 1692f(A)(6) where there is no "property claimed as collateral through an enforceable security interest...")

Applying the common sense reasoning of the *Larrañaga* court to the present case, the statutory phrase "claimed as collateral through an enforceable security interest" cannot simply be ignored. These are pivotal words of limitation that make the FDCPA entirely inapplicable to Plaintiff's FAC. Counts I and II of the FAC should be dismissed because they fail to establish this Court's subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

    **B.**  **This Court Lacks Subject Matter Jurisdiction.**

If there is no viable statutory claim for violation of the FDCPA as alleged in Counts I and II of the FAC, or if Plaintiff lacks standing to bring the claim, the federal court lacks § 1331 subject matter jurisdiction. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Although TitleMax is not named as a defendant in Counts I and II, TitleMax still has standing to raise the Court's lack of jurisdiction. Even if no Defendant in the case challenges the Court's subject matter jurisdiction, the Court has an independent duty to assess its jurisdictional moorings. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Any party or the court on its own may raise a subject matter jurisdiction issue at any time, at "any stage in the litigation, even after trial and the entry of judgment." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

**C.  Plaintiff Lacks Standing to Pursue His FDCPA Claim, and the Court Lacks Subject Matter Jurisdiction Over The FAC pursuant to Fed.R.Civ.P. 12(b)(1).**

If a plaintiff has no standing, the court has no subject matter jurisdiction. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n. 11 (9th Cir. 1980).  Here, Plaintiff does not have standing to pursue his FDCPA claims since he admits that he is not a debtor, his Vehicle is not claimed to be collateral against him, there was no attempt to collect a debt, and there is no enforceable security interest in Plaintiff's property.  Therefore, the Court does not have subject matter jurisdiction over the FAC.

To satisfy Article III's case or controversy requirements for standing, a plaintiff must demonstrate: (1) that she has suffered injury in fact; (2) that the injury is fairly traceable to the actions of the defendant; and (3) that the injury is likely to be redressed by a favorable decision. *Bennett v. Spear,* 520 U.S. 154, 162 (1997).  Plaintiff here does not have standing since he cannot make a viable claim under the FDCPA and therefore his claimed injury is unlikely to be redressed by a favorable decision.

In *Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868, 871 (11th Cir. 2010), the plaintiff brought an FDCPA claim against a mortgagee for alleged misconduct concerning an existing loan, but the plaintiff was not a debtor or a borrower on the loan as required by the FDCPA.  The court held that the plaintiff lacked standing to make the claim both because she did not suffer an injury in fact and because she was not within the "zone of interests" the FDCPA was designed to protect. *Id.* at 874.  The *Johnson* plaintiff was not within the FDCPA's "zone of interests" because the statutory provision she sued under required her to be a "consumer," a requirement she could not meet.

Citing *Johnson,* the court in *Adjoda v. Law Firm of Gary M. Singer, P.A.*, 2017 WL 7794342, at *3 (S.D. Fla. Aug. 18, 2017), report and recommendation adopted 2017 WL 7794343 (S.D. Fla. Sept. 19, 2017) also held that the plaintiff lacked standing to pursue an FDCPA claim. The *Adjoda* plaintiff did not allege she was a borrower: "In fact, she alleges the opposite: that she 'is not on the underlying promissory note' and cannot 'be held personally liable for a debt on a note which she never executed, nor is otherwise liable for in any way...' But as a non-debtor, Plaintiff simply does not fall within the zone of interests FDCPA aims to protect." *Id.* at *2.

Analogously, here, Plaintiff is not within the FDCPA's zone of interests because the statute at issue prohibits "debt collectors" from engaging in proscribed practices, and because § 1692f(6)(A) requires that the property at issue be claimed as collateral through an enforceable security interest. Plaintiff affirmatively alleges that there was **not** a debt, there was **not** any enforceable lien against him on the Vehicle, and the Vehicle was **not collateral** of any obligation of the Plaintiff. Plaintiff does not have standing because he cannot make out a statutory violation and he is not within the zone of interests intended to be protected by the FDCPA.

In addition, a court may have subject matter jurisdiction in one of three ways: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). If a defendant mounts a facial attack on subject matter jurisdiction, the issue is decided based upon the allegations of the FAC, which are presumed to be true (just as they are in a Rule 12(b)(6) analysis).

*McElmurray v. Consolidated Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). Here, the Court might have had subject matter jurisdiction both because of a specific statutory grant, 15 U.S.C.A. § 1692k and the Court's general federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, the Plaintiff fails to even allege the minimum statutory requirements of the FDCPA, depriving the Court of subject matter jurisdiction based upon either the FDCPA or a general federal question. Further, the Court does not have subject matter jurisdiction because Plaintiff cannot, by the plain allegations of his FAC, make out an actionable claim under the statutory requirements of the FDCPA. This failure constitutes both a lack of subject matter jurisdiction and a failure to state a claim under which relief can be granted, pursuant to Rule 12(b)(1) and 12(b)(6).

If the court finds that it does not have subject-matter jurisdiction, the entire FAC must be dismissed, including "pendent state-law claims." *Arbaugh v. Y&H Corp.*, *supra* at 501.

> Once a plaintiff's federal claims are dismissed, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997); see also 28 U.S.C. § 1367(c)(3). Indeed, when a plaintiff's federal claims are dismissed, dismissal of the state law claims is strongly encouraged in order to advance considerations of economy, fairness, convenience and comity. *Baggett,* 117 F.3d at 1353); *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1089 (11th Cir. 2004).

*Adjoda, supra* at *3.

The FAC should be dismissed in its entirety because this Court lacks subject matter jurisdiction over PRS and the Does I-X in Counts I and II.

**D. Plaintiff Does Not State a Claim Against TitleMax under the Arizona Uniform Commercial Code**

Based upon the same set of factual and conclusory allegations advanced in support of Counts I and II, the FAC alleges that TitleMax violated A.R.S. § 47-9609(B)(2) ("UCC"). However, the plain allegations of the FAC establish that Plaintiff cannot state a UCC claim.

As the FAC accurately states, TitleMax is not a "secured party" against Plaintiff Section 47-9102(A)(72) defines a "secured party" as follows:

> 72. "Secured party" means:
> (a) A person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding;
> (b) A person that holds an agricultural lien;
> (c) A consignor;
> (d) A person to which accounts, chattel paper, payment intangibles or promissory notes have been sold;
> (e) A trustee, indenture trustee, agent, collateral agent or other representative in whose favor a security interest or agricultural lien is created or provided for; or
> (f) A person that holds a security interest arising under § 47-2401, 47-2505, 47-2711, 47-2A508, 47-4210 or 47-5118.

The FAC makes it clear that TitleMax was not a secured party against Plaintiff and as to Plaintiff never had an enforceable security interest in the Vehicle at issue. *See* Doc.13 at ¶¶ 34, 35, 40, 41 and 48.

Also, Plaintiff is not a "debtor" as defined in Section 9102(A)(28):

> (a) A person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor;
> (b) A seller of accounts, chattel paper, payment intangibles or promissory notes; or
> (c) A consignee.

Of course, Plaintiff alleges that the Vehicle was never collateral of the Plaintiff's of any kind; "collateral" is defined as "the property subject to a security interest." A.R.S.

14

§ 47-9102(A)(12), and the FAC alleges just the opposite: the Vehicle was **not** subject to any enforceable lien or security interest against Plaintiff. *See* FAC at 48.

"On the issue of standing, Plaintiff may seek relief under the UCC if he "was a debtor, was an obligor, or held a security interest in or other lien on the collateral" at the time of the alleged UCC violation. A.R.S § 47-9625(C)(1)." *Garcia v. Santander Consumer USA Inc.*, CV-19-04817-PHX-DLR, 2020 WL 1812037, at *1 (D. Ariz. Apr. 9, 2020). In *Garcia,* the court found the plaintiff did have standing to proceed because he purchased a vehicle that was subject to a security interest before he bought it. *Id.* The court distinguished the Washington case, *Smart v. Emerald City Recovery, LLC*, No. C18-0448-JCC, 2018 WL 3569873 (W.D. Wash. July 25, 2018), on the grounds that *Smart* involved a plaintiff who was indisputably not "a creditor or an obligor, and that no security interest existed in her car." *Id.* at *2.

In *Smart,* the plaintiff's car was taken by mistake: she bought the car with a loan from her father and there was no lien on it. The repossession company meant to take a neighbor's car. *Id.* at *1. The plaintiff sued the credit company and its retained repossession company for claims including violation of RCW 62.9-609, a provision virtually identical to A.R.S. § 47-9609 at issue here. The credit company's Rule 12(b)(6) motion to dismiss was granted on the grounds that only a creditor, obligor, or holder of a security interest in the collateral could recover damages pursuant to RCW 62A.9A.625, which again is virtually identical to A.R.S. § 47-9625. The present case resembles *Smart,* rather than *Garcia,* as Plaintiff here is *indisputably* not a creditor or an obligor, and no enforceable security interest existed in his car.

Very recently, United States District Court Judge Albright reached the same conclusion under Texas law. In a matter almost identical to this case and involving the same Plaintiff's counsel, Judge Albright held in *Lewis v. TitleMax of Texas, Inc. et al*, Case 6:19-cv-00630-ADA-JCM (Western District of Texas) at Doc. 87 (Order Granting TitleMax's Motion for Summary Judgment) that under an undistinguishable set of facts, the Plaintiff in that case was not a "debtor" under the Texas equivalent of A.R.S. § 47-9609. This Court should reach the same conclusion applying similar Arizona law.

Plaintiff's entire theory is that he owned the Vehicle outright, and that it was not subject to any security interest. The car was therefore not collateral, Plaintiff was never a debtor and TitleMax never had an enforceable security interest in the vehicle as against Plaintiff. Not only does Plaintiff not have standing to bring a claim under § 4-9609, he cannot make out a claim under which relief can be granted. Count III should be dismissed pursuant to both Rules 12(b)(1) and 12(b)(6).

## V.   CONCLUSION

The Court does not have subject matter jurisdiction over Counts I and II, and TitleMax has standing to raise the subject matter jurisdiction objection as to these Counts even though it is not named in them. Because of the lack of subject matter jurisdiction, the entire FAC including pendent state court claims must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

Further, Plaintiff has failed to establish standing and has failed to make a claim upon which relief can be granted because Plaintiff is not a creditor or an obligor and there is no enforceable security interest in the vehicle in question claimed. Because there is no

way in which Plaintiff can change the facts to establish standing or subject matter jurisdiction the dismissal should be *with prejudice.*

          Respectfully submitted,

          ATKINSON, BAKER & RODRIGUEZ, P.C.

*/s/ Justin D. Rodriguez*
Justin D. Rodriguez (#024765)
ATKINSON, BAKER & RODRIGUEZ, P.C.
201 Third Street NW, Suite 1850
Albuquerque, New Mexico  87102
505-764-8111 | Fax 505-764-8374
jrodriguez@abrfirm.com
*Attorneys for TitleMax of Arizona, Inc.*

## CERTIFICATE OF SERVICE

We hereby certify that on this 6th day of July, 2021, we filed the foregoing pleading electronically providing notice to all counsel and parties of record.

          ATKINSON, BAKER & RODRIGUEZ, PC

*/s/ Justin D. Rodriguez*
Justin D. Rodriguez