**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Lewis, et al., | No. CV-21-00560-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Titlemax of Arizona Incorporated, et al., | |
| Defendants. | |

Defendants Titlemax of Arizona, Inc. ("TitleMax") and P.R.S. of AZ, L.L.C. ("PRS"), move to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Docs. 16, 18.) The Motions will be denied.

**I.**

The Amended Complaint alleges that, in October 2019, Paul Lewis, Plaintiff Adam Lewis's father, purchased a preowned vehicle from a car dealer for his son. (Doc. 13 ¶ 36.) The vehicle had a clear title. (*Id.* ¶ 37.) According to the Amended Complaint, however, TitleMax had issued a loan to the previous owner, taking a security interest in the vehicle. (*Id.* ¶¶ 30–31.) The previous owner defaulted on the loan. (*Id.* ¶ 33.) Although a lien was placed on the title, it did not appear at the time that Paul Lewis acquired the vehicle. (*Id.* ¶ 37.)

Paul Lewis transferred the vehicle's title to Adam in August 2020. (*Id.* ¶ 38.)

In early September 2020, TitleMax decided to repossess the vehicle due to the prior

owner's default. (*Id.* ¶ 42.) Apparently TitleMax was unaware that the vehicle was resold. TitleMax hired an unidentified party who, in turn, engaged PRS to perform the repossession. (*Id.* ¶¶ 43–44.) Within a matter of days, PRS found the vehicle and repossessed it from Adam Lewis's mother's residence. (*Id.* ¶ 45.) Adam and his father learned what happened and demanded that PRS return the vehicle. (*Id.* ¶¶ 46–47.) The Lewis' allege that the vehicle was returned after four days of protest. (*Id.* ¶ 47.)

The Amended Complaint asserts claims against PRS and "Does I-X" for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6)(A); a claim against TitleMax under Article 9 of the Uniform Commercial Code ("UCC"); and a claim for common law trespass to chattel against PRS and TitleMax. (Doc. 13 ¶¶ 51–73.) The Motions to Dismiss contest the Court's jurisdiction under the FDCPA. TitleMax also moves to dismiss the UCC claim under Rule 12(b)(6) for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

**II.**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Fed'n. of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Thus, on a motion to dismiss for lack of subject-matter jurisdiction, the party invoking federal jurisdiction has the burden to demonstrate that jurisdiction exists. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

To survive a motion to dismiss for failure to state a claim, a complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). The Court must accept material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

### III.

TitleMax and PRS argue that Lewis lacks standing to maintain an action under the FDCPA because he is not a "consumer" who is "obligated or allegedly obligated to pay any debt." (Doc. 18 at 4, quoting 15 U.S.C. § 1682a(3).) They say that it was "TitleMax's customer, not Plaintiff, [who] defaulted on the loan." (*Id.*) Defendants further argue that the complained-of conduct, even if true, falls outside of the FDCPA prohibition at the center of this case.[*]

This view of the FDCPA is inconsistent with the plain language of the statute. While some provisions strictly apply to debtors, § 1692f is not so limited. The provision applicable here, § 1692f(6)(A), applies to any "property" that is the subject of repossession where "there is no present right to possession of the property *claimed* as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A) (emphasis added). Consistent with this statute, the Amended Complaint alleges that TitleMax claimed an enforceable security interest in the vehicle which, following default, resulted in the repossession.

---

[*] In its reply brief, TitleMax appears to argue, for the first time, that it is not a "debt collector." (Doc. 30 at 9–10.) To the extent that TitleMax seeks dismissal of the Amended Complaint because it is not a debt collector, that argument will not be considered.

Because Paul Lewis was a subsequent good faith purchaser for value, according to the Amended Complaint, the security interest was not enforceable as to him or his son. Yet, TitleMax still *claimed* an enforceable security interest in the vehicle. It turns out that the claimed enforceable security interest was wrong.

Courts consistently hold that non-debtors may assert claims under § 1692f of the FDCPA. For example, in *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015), the court held that "the provision's broad language coupled with its illustrative examples of violative conduct support the conclusion that § 1692f applies whether unfair and unconscionable means are employed against consumers or non-consumers." *Id*. at 1301. Similarly, in *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216 (D. Conn. 2014), an auto repossession case, the court observed that "allowing third parties standing under section 1692f serves the aim of eliminating unfair or unconscionable collection practices which may injure third parties." *Id*. at 228.

The Court here finds TitleMax and PRS's attempts to distinguish the statutory language and prior court decisions unpersuasive. Insofar as the Motions argue that the case should be dismissed for lack of standing under the FDCPA, they will be denied.

## IV.

TitleMax contends that the UCC Article 9 cause of action fails to state a claim because it is not a secured party and Plaintiff is not a debtor. (Doc. 16 at 7–10.) Plaintiff disagrees, arguing that these terms are broadly defined and capture the parties' respective positions. (Doc. 20 at 5–6.) To that end, the term "secured party" includes "[a] person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding." A.R.S. § 47-9102(A)(72)(a). The term "debtor" includes a "person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor." *Id*. § 47-9102(A)(28).

Here, the Amended Complaint alleges that TitleMax had a security interest in the vehicle provided by the prior owner. It further alleges that Paul Lewis was a transferee of collateral, which is consistent with the definition of debtor and the accompanying UCC

Comment. In *Garcia v. Santander Consumer USA Inc.*, --- F. Supp. 3d ---, 2020 WL 1812037 (D. Ariz. April 9, 2020), this Court previously held that a plaintiff in a wrongful repossession case could state a claim under UCC Article 9 despite her being a subsequent purchaser. Indeed, the Court rejected the very definitional arguments that TitleMax advances here. *Id*. at *1. For these reasons, TitleMax's Motion will be denied.

V.

Accordingly,

**IT IS ORDERED denying** TitleMax and PRS's Motions to Dismiss. (Docs. 16, 18.)

Dated this 25th day of October, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge